UNITED STATES DISTRICT COURT  JS-6/ent
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 07-5728-JFW (SSx)**                                              Date: November 15, 2007
         **CV 07-7118-JFW (SSx)**

Title:   Robert L. Garber, derivatively on behalf of Countrywide Financial Corp. v. Angelo Mozilo et al.
         New Jersey Carpenters' Pension Fund v. Angelo R. Mozilo, et al.

PRESENT:
         HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

         Shannon Reilly                                         None Present
         Courtroom Deputy                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:         ATTORNEYS PRESENT FOR DEFENDANTS:
         None                                              None

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO REMAND ACTION, CASE NO. 07-5728-JFW (SSx), *Robert L. Garber v. Angelo R. Mozilo et al.,* TO STATE COURT [filed 10-4-07; docket no. 17];

ORDER GRANTING PLAINTIFF NEW JERSEY CARPENTERS' PENSION FUND'S RENEWED APPLICATION TO JOIN THE PENDING MOTION FOR REMAND [filed 11-13-07]; and

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF NEW JERSEY CARPENTERS' PENSION FUND'S MOTION TO REMAND ACTION, CASE NO. CV 07-7118-JFW (SSx), *New Jersey Carpenters' Pension Fund v. Angelo R. Mozilo et al.,* TO STATE COURT

   On October 4, 2007, Plaintiff Robert L. Garber ("Plaintiff") filed a Motion to Remand Action to State Court ("Motion").  On November 5, 2007, Defendants Angelo R. Mozilo, Eric P. Sieracki, Oscar P. Robertson, Henry G. Cisneros, Jeffrey M. Cunningham, Robert J. Donato, Martin R. Melone, Robert T. Parry, Keith P. Russell, Harley W. Snyder, and Nominal Defendant Countrywide Financial Corporation (collectively, "Defendants") filed their Opposition.  On November 13, 2007, Plaintiff filed his Reply.  On November 13, 2007, New Jersey Carpenters' Pension Fund, Plaintiff in Case No. CV 07-7118-JFW (SSx), *New Jersey Carpenters' Pension Fund v. Angelo R. Mozilo et al.*, filed its Renewed Application to Join the Pending Motion for Remand.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for November 19, 2007, is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

I.  **Facts and Procedural Background**

On August 3, 2007, Plaintiff filed his shareholder derivative action against Defendants in Los Angeles Superior Court. Plaintiff's Complaint alleges violations of California Corporations Code § 25402 and § 25403, breach of fiduciary duty for improper reporting, breach of fiduciary duty for insider trading and misappropriation of information, breach of fiduciary duty for abuse of control, breach of fiduciary duty for gross management, waste of corporate assets, and unjust enrichment. In his Complaint, Plaintiff alleges that certain of Countrywide's current and former officers and directors engaged in conduct between October 2006 and the present that irreparably damaged Countrywide's reputation and goodwill.

On August 31, 2007, Defendants filed a Notice of Removal. In their Notice of Removal, Defendants claim that this Court has subject matter jurisdiction because Plaintiff's claims arise under federal securities laws.

On October 1, 2007, plaintiff New Jersey Carpenters' Pension Fund filed its shareholder derivative action, also alleging breaches of fiduciary duties, against Countrywide, Angelo R. Mozilo, Henry G. Cisneros, Jeffrey M. Cunningham, Robert J. Donato, Michael E. Doughterty, Martin R. Melone, Robert T. Parry, Oscar P. Robertson, Keith P. Russell, and Harley W. Snyder in Los Angeles Superior Court. On October 31, 2007, the defendants in that case removed the case to this Court, also claiming that the case "arises under" federal law.

II. **Legal Standard**

On a motion to remand, the scope of the removal statute must be strictly construed. *See, Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Courts should resolve doubts as to removability in favor of remanding the case to state court. *Id.*

A court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. For an action to "arise under" the Constitution, laws, or treaties of the United States, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112 (1936). Under the rule commonly known as the well-pleaded complaint rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." *Id.* at 113; *see also Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28. Thus, a federal defense is not a basis for federal question jurisdiction. *Id.* This is so regardless of whether the federal defense is anticipated by the plaintiff in a complaint or advanced by a removing defendant in a notice of removal. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 & n. 1 (1983). "[A] suit brought upon a state statute does not arise under an act of Congress or the Constitution of the United States because prohibited thereby." *Gully*, 299 U.S. at 116. Thus, there is no removal jurisdiction where the sole proffered basis thereof is defensive federal preemption. *Hunter v. United Van Line*, 746 F.2d 635, 642 (9th Cir. 1985).

However, the "artful pleading doctrine," which is an exception to the ordinary rules of federal question jurisdiction, "allows courts under some circumstances to recharacterize a plaintiff's state law claim as a federal claim." *Id.* at 640-41. Under the artful pleading doctrine, "a state-law claim may be recharacterized as a federal claim only when the state-law claim is preempted by federal law *and* when it is apparent from a review of the complaint that federal law provides plaintiff a

cause of action to remedy the wrong he asserts he suffered." *Id.* at 642-43 (emphasis in original).

## III.  Discussion

### A.  This Case Should Be Remanded to Los Angeles Superior Court.

In this case, Plaintiff's Complaint does not allege a substantial federal question, and, therefore this case must be remanded for lack of subject matter jurisdiction. As described above, Plaintiff's Complaint only alleges California state law claims. However, Defendants argue that the claims alleged in this case "arises under" federal law, and, thus, federal subject matter jurisdiction exists, because Plaintiff makes references throughout the Complaint that Defendants violated duties owed to Countrywide under the "federal securities laws." *See, e.g.,* Complaint, ¶¶ 12-23, 27, 30, 43, 78 & 102. For example, Defendants reference Plaintiff's allegations in his Complaint that Defendants breached their duties to make "disclosures as necessary to comply with **federal and state securities laws**" (Complaint, ¶ 30(e)) and that the Defendants breached their duties to "ensure that the Company was operated in a diligent, honest, and prudent manner in compliance with all applicable **federal, state and local laws, rules and regulations**" (Complaint, ¶ 30(f)), as well as other, similar allegations. (Emphasis Added).

However, while Plaintiff's Complaint references possible violations of federal securities law, those references are not "essential elements" of any of Plaintiff's state law claims. *See, Cal v. Dynergy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (holding that the federal issue "must be an element, and an essential one, of the plaintiff's cause of action"). In this case, "[n]one of Plaintiff's state law claims makes any reference to violations of federal securities laws as an element of such causes of action." *Gargiulo v. Decker*, 2005 WL 755771, *2 (C.D. Cal. Mar. 30, 2005). For example, California Corporations Code § 25402, which prohibits the use of insider information by an officer or director of a corporation in buying or selling securities, does not make reference to federal securities law. Cal. Corp. Code, § 25402; *see, also, Gargiulo*, 2005 WL 755771 at *2. Therefore, "federal law regarding insider trading is not essential to Plaintiff's claims because use of insider information is independently prohibited by the state Corporation Code." *Gargiulo*, 2005 WL 755771, at *2.

In addition, "[a]lthough plaintiff[] may also have potential claims arising under federal securities law because of defendants' alleged misstatements and omissions, [plaintiff has] not chosen to enforce any rights stemming from violations of federal law." *Klein v. Southwest Gas Corporation*, 1999 WL 33944685 (S.D. Cal. Aug. 3, 1999). Plaintiff's decision not to pursue any claims arising from alleged violations of federal law is clearly demonstrated by Plaintiff's failure to allege or even make reference to "specific provisions of federal securities laws allegedly violated." *Gargiulo*, 2005 WL 755771, at *3. Instead, Plaintiff's allegations involving federal securities laws are simply part of his factual narrative related to his state law claims. *Schappel v. UICI*, 1999 WL 1101262, *2 (N.D. Tex. Dec. 3, 1999). Therefore, because Plaintiff has chosen to allege only his state law claims and his allegations involving federal securities laws are not a necessary part of those claims, Plaintiff's general references to federal securities laws in his Complaint do not give rise to federal subject matter jurisdiction. As the court in *Schappel*, 1999 WL 1101262, *2, stated:

> To hold otherwise would force a plaintiff into federal court anytime facts that formed the basis of his state cause of action also happen to support a federal claim. This would take away a plaintiff's power to be the "master of his claim."

Moreover, while Defendants have cited cases where motions to remand have been denied, those cases are either inapplicable or unpersuasive. For example, in *D'Alessio v. New York Stock*

*Exchange, Inc.*, 258 F.3d 93, 101-03 (2nd Cir. 2001), the court found federal subject matter existed because the New York Stock Exchange, as a self-regulated organization, was created and defined by federal law, unlike Countrywide, which is a corporation that is created and defined by state laws. *Wietschner v. Gilmartin*, 2003 U.S. Dist. LEXIS 18997 (D.N.J. Jan. 14, 2003), as Plaintiff points out, has not been followed within its own district. *See, Fagin v. Gilmartin*, 2007 WL 419286 (D.N.J. Feb. 1, 2007). In addition, the court in *Wietschner* concludes that the breach of fiduciary duty claim was based "primarily" on federal securities law without giving any reasoning as to why it reached that conclusion. *Id.* at *7; *see, also, Gargiulo*, 2005 WL 766771, at *4.

### B.   Plaintiff's Request for Attorney's Fees is Denied.

When a removed case is remanded to state court, the district court "may require payment of the just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, the district court has "wide discretion" in deciding whether or not to award attorney's fees and costs. *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443 (9th Cir. 1992) ("Given the wide discretion provided the district court by section 1447(c), we will review an award of attorney's fees under this statute for an abuse of discretion.").

In this case, the Court finds that "[a]lthough Defendants' arguments were ultimately unpersuasive, they were not frivolous or an improper basis for removal." *See, Toxic Injuries Corporation v. Safety-Kleen Corporation*, 57 F.Supp. 2d 947, 957-58 (C.D. Cal. 1999) (denying award of attorney's fees and costs where court could not find that "removal was so obviously barred as to warrant an award"). The fact that Defendants' arguments were not frivolous is demonstrated by the split of authority regarding whether shareholder derivative actions alleging only state law causes of action arise under federal securities laws. *See, e.g., Garguilo v. Decker*, 2005 WL 755771 (C.D. Cal. Mar. 30, 2005) (remanding shareholder derivative action to state court because possible federal securities laws violations included in the complaint were not "essential elements" of plaintiff's state law claims); *see, also, Wietschner v. Gilmartin*, U.S. Dist. LEXIS 18997 (D.N.J. Jan. 13, 2003) (holding that removal of case as "arising under" federal securities laws proper where only state law fiduciary duty causes of action alleged).

### IV.   Conclusion

For all the foregoing reasons, Plaintiff Robert L. Garber's Motion is **GRANTED**, and Case No. 07-5728-JFW (SSx), *Robert L. Garber v. Angelo R. Mozilo et al.*, is **REMANDED** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction. *See*, 28 U.S.C. §1447(c). Plaintiff's request for attorney's fees is **DENIED.**

In addition, New Jersey Carpenters' Pension Fund's Renewed Application to Join the Pending Motion for Remand is **GRANTED**. Accordingly, for the reasons stated above, New Jersey Carpenters' Pension Fund's Motion to Remand Action to State Court is **GRANTED**, and Case No. CV 07-7118-JFW (SSx), *New Jersey Carpenters' Pension Fund v. Angelo R. Mozilo et al.* is **REMANDED** to the Superior Court of the State of California for the County of Los Angeles for lack of subject matter jurisdiction. *See*, 28 U.S.C. §1447(c). To the extent that New Jersey Carpenters' Pension Fund also was seeking attorney's fees as part of its Motion to Remand Action to State Court, the request for attorney's fees is **DENIED.**

IT IS SO ORDERED.

The Clerk shall serve this Minute Order on all parties to this action.